UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Irene Orsino
77 Harbour Court
Staten Island, NY 10308

          Claimant,

v.

Countrywide Financial Corporation
7105 Corporate Drive
MSTTXB-84
Plano, TX 75024

          and

Countrywide Home Loans, Inc.
1515 Walnut Grove Avenue
Rosemead, CA 91770

          Respondent.

Case No.



JUDGE BATTS

07 CIV 9454

ECF Case

RECEIVED
OCT 23 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## Petition TO VACATE IN PART ARBITRATION AWARD

Petitioner, Irene Orsino, ("Petitioner" or "Orsino"), hereby submits this Motion to Vacate In Part an Arbitration Award rendered under the auspices of the American Arbitration Association against her in part, (hereinafter referred to as "Respondent", "Company", or "Countrywide").

### NATURE OF THE ACTION

1.    Petitioner brings this action to Vacate An Arbitration Award In Part based on the Arbitrator's manifest disregard of the law in denying the Petitioner's claims for unpaid compensation.

### PARTIES

2.    Petitioner is an individual who resides at 77 Harbour Court, Staten Island, New York 10308.

1010540.1 10/15/07

3. Countrywide Financial Corporation is a Delaware corporations whose principal place of business is 7105 Corporate Drive, MSTTXB-84, Plano, Texas 75024.

4. Countrywide Home Loans, Inc. is a Delaware Corporation whose principal place of business is 1515 Walnut Grove Avenue, Rosemead, California 91770.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Petitioner's claim arises under the laws of the United States, specifically the Federal Arbitration Act 9 U.S.C. § 1 et seq.

7. Venue is proper in this district pursuant to 9 U.S.C. § 10 because the arbitration hearings occurred in this district.

## LEGAL STANDARD

8. The Federal Arbitration Act provides that an arbitration award may be vacated if it was rendered in "manifest disregard of the law." Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 201-203 (2d Cir. 1998).

## PROCEDURAL BACKGROUND

9. The dispute was submitted by filing a Demand for Arbitration before the American Arbitration Association ("AAA"), pursuant to a mutual agreement to arbitrate claims dated April 12, 2004 between the Claimant and Respondents.

10. The arbitration hearing took place in New York City on January 8, 9, 10, and 11, 2007. Pre-hearing briefs, as well as post-hearing briefs were submitted.

11. On August 18, 2007, the Arbitrator rendered her "Opinion and Final Award" rendering her final decision on all issues presented to her during the arbitration proceeding and closing the proceedings before her and relinquishing all jurisdiction, (the arbitrator had also rendered an "Opinion and Partial Final Award" on May 22, 2007) (collectively referred to as "Award" and marked as Exhibit "A").

12. In the Award, she denied all of the Petitioner's claims except for her entitlement to the value of stock options, plus interest.

13. One of the claims denied in the Award dealt with the Petitioner's entitlement to monthly and quarterly incentive compensation payments. This is the only portion of the Award that Petitioner seeks to vacate.

14. Petitioner maintained that she was entitled to such compensation payments pursuant to Article 6 of the New York Labor Law, §§ 190(2), 191(3), and 193.

15. The Arbitrator denied Orsino's rights under Article 6 of the New York Labor Law finding that "she clearly falls within the category of individuals who are not covered by law, as she 'exercised independent judgment of an executive', and is not covered by the cited statutory provisions.

16. In denying Orsino her rights under New York Labor Law, the Arbitrator manifestly disregarded the law established by this Court in Miteva v. Third Point Management, LLC, 323 F.Supp. 2d 573, 585 (S.D.N.Y. 2004); as well as the decision of this Court in Hart v. Dresdner, Kleinwort Wasserstein Securities, LLC, 2006 WL 2356157 (S.D.N.Y. Aug. 9, 2006); and Eshelbach v. CCF Charter House Credit Commercial, 2006 WL 2057205 (S.D.N.Y. July 25, 2006).

17. According to the Court in Miteva "the text of Article 6, as well as its context and the weight of the case law applying the Statute, support a broad interpretation of the definition of

employee, and the conclusion that executives, professionals, managers and administrators are not categorically excluded from the definition of an employee in Section 190(2), Article 6. Id. at 585.

19. Those decisions from this Court were brought to the attention of the Arbitrator in both the Pre-Hearing Brief as well as in the Post-Hearing Brief filed by the Claimant. The Arbitrator, in rejecting the decisions of this Court, manifestly disregarded the law established by this Court. Therefore, the Award, with respect to the Arbitrator's decision regarding Article 6, should be vacated, and Orsino awarded the monthly and quarterly compensations to which she is entitled under New York law, along with liquidated damages, and attorneys fees pursuant to New York law.

**THE ARBITRATOR MANIFESTLY DISREGARDED BASIC CONTRACT LAW IN DENYING ORSINO EARNED COMPENSATION**

19. Pursuant to a document entitled The Countrywide Financial Corporation, Consumer Markets Division Standard Branch Manager (BM) Incentive Compensation Plan ("Plan") issued on October 1, 2003, Orsino was eligible to both monthly and quarterly incentive compensation. (see Exhibit "B").

20. On October 3, 2003 by electronic signature, Orsino acknowledged the Plan with her electronic signature in order to obtain compensation which she had earned.

21. The Plan contained no forfeiture provision by which Orsino would lose her quarterly compensation and commissions for September and October 2004.

22. The Plan provided that monthly commission payments were to be paid at the end of the month following the incentive period, and quarterly profit incentive compensation would be paid 45 days after the production.

23.     Orsino had monthly commission payments for September and October 2004 in the total sum of $15,000 that she was due, along with a quarterly incentive for the Third Quarter of 2004 (July, August and September, 2004, in the amount of $177,803.49).

24.     It is also undisputed that Orsino never received these payments before or after her termination from employment on October 24, 2004.

25.     In her Award, the Arbitrator based her decision on a document entitled "Countrywide Financial Corporation Incentive Plan Terms and Conditions Effective May 1, 2003". (Attached hereto as Exhibit "C" and referred to as "Terms and Conditions").

26.     Based on paragraph 6(c) of the "Terms and Conditions", the Arbitrator concluded that where employment is involuntarily terminated prior to the date on which the monthly, quarterly, semi-annual or annual incentive is paid, the employee will not be eligible to receive such incentive pay "unless otherwise stated in the Incentive Plan or as required by applicable state law."

27.     In her Award, the Arbitrator acknowledged that there was no evidence that Claimant had ever seen or agreed to the Terms and Conditions (Exhibit "C").

28.     Despite no record that the Claimant had ever seen or received the "Terms and Conditions" (Exhibit "C") or agreed to its terms, the Arbitrator found that the "Terms and Conditions" were binding on her, as a matter of contract law.

29.     Although the Arbitrator found that there was no evidence presented that the Petitioner had received, agreed to, or was even aware of the Exhibit "C", she found that the Petitioner had contractually agreed to its provisions, and thereby agreed to forfeit her monthly and quarterly compensation.

30.     In finding that Claimant had contractually forfeited her monthly and quarterly compensation, the Arbitrator ignored fundamental New York contract law in holding the

Claimant was contractually bound to the terms of a document for which there was no meeting of the minds and which she had not ever seen. See Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362 (2d Cir. 2003) holding that "if there is no meeting of the minds in all essential terms, there is no contract under New York law; this is because a contract requires mutual assent to the essential terms and conditions thereof; Tractebel Marketing Inc. v. AEP Power Marketing Inc., 487 F.3d 89 (2d Cir. 2007).

## CONCLUSION

We respectfully request that the Court find that the Arbitrator in denying Orsino earned compensation deprived her of rights to which she is entitled under Article 6 of New York Labor Law, as well as under the basic contractual rights she enjoys under fundamental New York Contract Law. We seek an award of quarterly commission payments in the amount of $177,803.49, along with a monthly commission payment of $15,000, together with liquidated damages, interest and attorneys fees.

Respectfully submitted,

Timothy E. Hoeffner, Esquire
Saul Ewing LLP
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA  19102
(215) 972-7711

*Attorney for Claimant*
*Irene Orsino*

Of Counsel
James F. Kilcur, Esquire
(Pro Hac Vice Petition Pending)
Saul Ewing LLP
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA  19102
(215) 972-7836

Dated: October 15, 2007

## CERTIFICATE OF SERVICE

I, Timothy E. Hoeffner, hereby certify that I caused a true and correct copy of the foregoing Motion to Vacate in Part Arbitration Award to be served by U.S. first-class mail, postage pre-paid, upon the following:

>Scott J. Wenner, Esquire
>Schnader Harrison Seal & Lewis LL
>140 Broadway, Suite 3100
>New York, NY 10005

Timothy E. Hoeffner

Date: October 15, 2007