UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x

IRENE ORSINO

           Petitioner,

    v.

COUNTRYWIDE FINANCIAL
CORPORATION and COUNTRYWIDE
HOME LOANS, INC.

           Respondents.

-------------------------------------x

Civ. No.: 07-CV-9454 (DAB)

**ANSWER WITH COUNTERCLAIM**

Respondents Countrywide Financial Corporation and Countrywide Home Loans, Inc. (collectively hereinafter referred to as "Respondents"), by and through their attorneys, Schnader Harrison Segal & Lewis LLP for their Answer with Counterclaim to the Motion to Vacate in Part Arbitration Award ("Motion") state as follows:

**NATURE OF THE ACTION**

1. Deny each and every averment contained in Paragraph "1" of the Motion.

**PARTIES**

2. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "2" of the Motion.

3. Deny each and every averment contained in Paragraph "3" of the Motion, except admit that Countrywide Financial Corporation is a Delaware Corporation and state that its principal place of business is Calabasas, California.

4.      Deny each and every averment contained in Paragraph "4," and state that Countrywide Home Loans, Inc. is a New York corporation with its principal place of business in Calabasas, California.

## JURISDICTION AND VENUE

5.      State that the averments contained in Paragraph "5" of the Motion are statements of law to which no response is necessary, except aver that complete diversity of citizenship does not exist.

6.      State that the averments contained in Paragraph "6" of the Motion are statements of law to which no response is necessary.

7.      State that the averments contained in Paragraph "7" of the Motion are statements of law to which no response is necessary.

## LEGAL STANDARD

8.      State that the averments contained in Paragraph "8" of the Motion are statements of law to which no response is necessary.

## PROCEDURAL BACKGROUND

9.      Admit the averments contained in Paragraph "9" of the Motion.

10.     Admit the averments contained in Paragraph "10" of the Motion.

11.     Deny each and every averment contained in Paragraph "11" of the Motion and refer to the Opinion and Partial Final Award, dated May 22, 2007 ("Partial Final Award") and

the Opinion and Final Award dated August 18, 2007 ("Final Award" collectively hereinafter with Partial Final Award referred to as the "Awards") for their contents.

12. Deny each and every averment contained in Paragraph "12" of the Motion, refer to the Awards for their contents, and state that the Arbitrator denied all of Petitioner's claims except granted her breach of contract claim for 1,181 vested stock options, which amounted to $31,980.53, plus prejudgment interest in the amount of $7,040.32.

13. Deny each and every averment contained in Paragraph "13" of the Motion, refer to the Awards for their contents, and state that the Arbitrator denied Petitioner's breach of contract claim for unpaid monthly and quarterly incentives and Petitioner's N.Y. Labor Law claim with respect to the same incentive compensation.

14. Admit the averments contained in Paragraph "14" of the Motion.

15. Deny each and every averment contained in Paragraph "15" of the Motion, refer to the Awards for their contents, and state that the Arbitrator denied Petitioner's New York Labor Law claim because (i) she was an executive not covered by the statute and (ii) the incentive compensation at issue did not constitute protectable "wages" under Article 6 of the Labor Law.

16. Deny each and every averment contained in Paragraph "16" of the Motion and state that manifest disregard of the law only occurs when the arbitrator ignores well-defined and clearly applicable law, even if the arbitrator herein had erred—and she did not—it is not enough to demonstrate that an arbitrator committed error. *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12-13 (2d Cir. 1997). Indeed, the Second Circuit in *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004), recently stated that "manifest disregard of

3

the law" is "a doctrine of last resort – its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." (citations omitted). In order to vacate an arbitration award for manifest disregard of the law, a court must find both that (i) the arbitrator knew of the governing principle yet refused to apply it and (ii) the law ignored by the arbitrator was well-defined, explicit and clearly applicable. *Bear, Sterns & Co., Inc. v. Ontario,* 409 F.3d 87, 90 (2d Cir. 2005). In denying Petitioner's Labor Law claim, the arbitrator did not refuse to apply a well-defined, governing legal principle but rather decided after extensive pre and post hearing briefing and in reliance on a substantial body of case law that Petitioner was an executive excluded from the protections of the New York Labor Law and that the quarterly and monthly incentive compensation at issue were not protectable wages under Article 6. Even were this conclusion in error, it would not amount to manifest disregard of the law. *Wallace,* 378 F.2d at 190 ("A federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law. On the contrary, the award 'should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'") (citation omitted).

17.     State that the averments contained in Paragraph "17" of the Motion are statements of law to which no response is necessary. Moreover, the cases cited by Petitioner do not demonstrate that a well-defined legal principle exists on the question of whether an executive can make a Labor Law claim pursuant to Article 6. In fact, there are a plethora of New York cases pre and post-dating the authorities on which Petitioner relies that hold as did the arbitrator: that executives cannot bring a Labor Law claim under Article 6. *See, e.g., Carlson v. Katonah Capital,* 2006 N.Y. slip op. 50103U (Sup. Ct. N.Y. County Jan. 27, 2006) (executives do not

qualify as employees for purposes of asserting a wage claim under Article 6); *Vanessa Nornberg v. Thai Magic Co., Inc.*, 2006 NY Slip Op 50104U (N.Y. Sup. Ct. January 27, 2006) (former president cannot maintain claims under Sections 191(3) and 193(1) of the Labor Law); *Davidson v. Regan Fund Mgmt.*, 13 A.D.3d 117, 118 (1st Dep't 2004) (plaintiff's cause of action for unpaid commissions properly dismissed on a finding that he was employed in an executive capacity); *Taylor v. Blaylock & Partners, L.P.*, 240 A.D.2d 289, 292 (1st Dep't 1997) (salary and benefits claims of an executive are excluded under Section 198); *Cantor Fitzgerald Assocs. v. Scott Mines*, Index No. 601007/002, slip op. 51528U, at *2-3 (Sup. Ct. N.Y. County 2003) (Article 6 does not apply to wage claims of executives). Respondents further aver that at most Petitioner can show that there are two lines of authority on the legal issue raised by Petitioner and that the arbitrator ruled in accordance with the one she found persuasive.

18. Deny each and every averment contained in Paragraph "18" of the Motion.

### THE ARBITRATOR MANIFESTLY DISREGARDED BASIC CONTRACT LAW IN DENYING ORSINO EARNED COMPENSATION

19. Deny each and every averment contained in Paragraph "19" of the Motion and refer to the Countrywide Financial Corporation, Consumer Markets Division Standard Branch Manager (BM) Incentive Compensation Plan ("Plan") for its contents.

20. Admit the averments contained in Paragraph "20" of the Motion.

21. Deny each and every averment contained in Paragraph "21" of the Motion, refer to the Plan for its contents, and state that the Countrywide Financial Corporation Incentive Plan Terms and Conditions ("Terms and Conditions"), which Petitioner accepted by electronic

signature, clearly stated that if an employee is involuntarily terminated prior to the date on which a monthly or quarterly incentive is paid, the employee is not eligible to receive such pay.

22. Deny each and every averment contained in Paragraph "22" of the Motion and refer to the Plan for its contents.

23. Deny each and every averment contained in Paragraph "23" of the Motion.

24. Deny each and every averment contained in Paragraph "24" of the Motion.

25. Deny each and every averment contained in Paragraph "25" of the Motion and refer to the Awards for their contents.

26. Deny each and every averment contained in Paragraph "26" of the Motion and refer to the Awards for their contents.

27. Deny each and every averment contained in Paragraph "27" of the Motion and state that the arbitrator concluded that Petitioner acknowledged her acceptance of the Terms and Conditions of the incentive compensation plan by electronic signature, thereby accepting the terms of the contract.

28. Deny each and every averment contained in Paragraph "28" of the Motion and refer to the Awards for their contents.

29. Deny each and every averment contained in Paragraph "29" of the Motion and refer to the Awards for their contents.

30. Deny each and every averment contained in Paragraph "30" of the Motion, refer to the Awards for their contents, and state that the Arbitrator followed the plain language of the

Plan and Terms and Conditions, the terms of which Petitioner accepted by electronic signature, in holding that Petitioner was not entitled to monthly or quarterly incentive compensation.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31. The Motion fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

32. The Motion is barred by the applicable statute of limitations.

### Third Affirmative Defense

33. The claims set forth in this Motion are barred by the doctrine of *Res Judicata*.

### Fourth Affirmative Defense

34. Petitioner's claims are barred in whole or in part by the doctrine of laches, waiver, estoppel and unclean hands.

### Fifth Affirmative Defense

35. Petitioner's claims are barred, in whole or in part, because Petitioner failed to comply with and satisfy all the prerequisites for bringing and maintaining the action.

### Sixth Affirmative Defense

36. The claims asserted by Petitioner against Respondent Countrywide Financial Corporation fail because of the lack of an employment relationship between Petitioner and Countrywide Financial Corporation.

## COUNTER CLAIM

37. As and for a counterclaim against Petitioner, Respondents request that this Court confirm the two arbitration awards entered by the AAA on May 22, 2007 and on August 18, 2007 pursuant to 9 U.S.C. §§ 9 *et seq.*

38. This claim is timely and complies with 9 U.S.C. § 9 which provides that "[w]ithin one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."

39. In April 1999, Petitioner commenced employment for Respondent Countrywide Home Loans, Inc. ("Countrywide"), as a Branch Manager for Countrywide's Staten Island, New York retail mortgage branch office.

40. During her employment, Petitioner failed to perform several key duties as manager of the branch office, which included oversight over sales and marketing and branch operations.

41. As a result of her failure to properly perform her duties as Branch Manager, Countrywide terminated Petitioner's employment on October 25, 2004.

42. On January 24, 2005, Petitioner filed a Complaint with the American Arbitration Association asserting several causes of action against Respondents: (i) defamation; (ii) age discrimination; (iii) violation of the New York Labor Law; (iv) breach of contract for failure to pay incentive compensation and stock options; (v) intentional infliction of emotional distress;

(vi) unjust enrichment/quantum meruit; (vii) tortious interference with contract; and (ix) two ERISA claims. Claim voluntarily dismissed the two latter claims prior to the arbitration hearing.

43.     An Answering Statement was served by Respondents on March 18, 2005.

44.     Hearings were held before a single arbitrator on the remaining claims on January 8, 9, 10 and 11, 2007.

45.     On May 22, 2007, the Arbitrator issued a Partial Final Award and decided after considering the pleadings, testimony and evidence, to deny Petitioner's age discrimination, defamation, intentional infliction of emotional distress, unjust enrichment, quantum meruit, breach of the covenant of good faith and fair dealing and New York Labor Law claims.

46.     The arbitrator also denied Petitioner's breach of contract claim for monthly and quarterly incentive compensation, but granted Petitioner's contract claim with respect to Petitioner's 1,181 vested stock options.

47.     Petitioner and Respondents submitted briefing on the proper valuation for the stock options awarded to Petitioner.

48.     The arbitrator issued a Final Award on August 18, 2007, awarding Petitioner the sum of Thirty-One Thousand Nine Hundred Eighty Dollars and Fifty-Three Cents ($31,980.53) for the stock options and Seven Thousand Forty Dollars and Thirty Cents ($7,040.30) in prejudgment interest.

49.     The Partial Final Award and Final Award issued by the arbitrator were proper, not the product of manifest disregard of the law, and should be confirmed by this Court.

WHEREFORE, Respondents demand judgment dismissing Petitioner's motion to vacate the Partial Final Award and Final Award, and judgment on the counterclaim in their favor, confirming the aforementioned Awards, plus attorney's fees and costs incurred as a result of

Petitioner's motion, together with such other relief as the court deems proper in the circumstances.

Dated: New York, New York
      December 7, 2007

                            SCHNADER HARRISON SEGAL & LEWIS LLP

                            By: _____
                                Scott Wenner (SW- 7081)
                                Jane H. Kauh (JK- 9298)
                            140 Broadway, Suite 3100
                            New York, New York 10005
                            (212) 973-8000
                            Attorneys for Respondents